UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KSCGP MANAGER LLC, a Utah limited liability company; KSCGP INVESTOR LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE JATSEK, an individual; XCA MANAGEMENT LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 2:25-cv-01817-JCM-EJY<br><br>**ORDER** |

Pending before the Court is KSCGP Investor LLC and KSCGP Manager LLC's Motion for Leave to Serve Defendant Lawrence Jatsek by Alternative Means. ECF No. 4.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiffs represent, and support through declarations, that they have unsuccessfully attempted to serve Defendant Lawrence Jatsek at four addresses. ECF No. 4 at 3. Service was attempted at two California addresses Plaintiffs' counsel identified as Jatsek's last known addresses. ECF No. 4-1 at 1. After a search of public records indexes, Plaintiffs identified a third California address and attempted service there. *Id*. at 2. At each of these addresses, the service processor spoke with the current resident and each in turn stated that Jatsek did not live there. *Id*. at 6-9. Plaintiffs also attempted service at Defendant's mother's home in Ohio. *Id*. at 3. Jatsek's mother said that her son had not been to her address in three years and did not accept mail there. *Id*. at 12.

Plaintiffs seeks permission to serve Jatsek by two other means. ECF No. 4 at 3-4. One involves serving Defendant by text message. *Id*. at 6. Plaintiffs represent that since October 17, 2025, one of their managers corresponded with Jatsek twice by phone. ECF No. 4-2 at 3. Specifically, the manager received a phone call and a text message from Jatsek at the phone number to which service is proposed by text. Thus, Plaintiffs propose to send a copy of the Summons, Complaint, and this Court Order by text to the phone number Jatsek used to correspond with Plaintiffs' manager. ECF No. 4 at 7. Second, Plaintiffs propose serving Jatsek through his counsel in a case pending in the Eighth Judicial District Court for Clark County, Nevada. This service would be by mail and email. *Id*. at 2. Plaintiffs have communicated with Jatsek's counsel in that matter and such counsel indicates Jatsek resides in California, but such counsel would not provide Jatsek's current address. *Id*. at 3-4.

The Court has considerable discretion when determining whether alternative service should be permitted. *Rio Properties, Inc.*, 284 F.3d at 1016. Service may be accomplished through any means "reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017. Here, the Court finds Plaintiffs' request for alternative service of process is reasonable as modified herein.

1	First, Plaintiffs may serve Jatsek by text message at the number identified by Plaintiffs. Plaintiffs must text the Summons, Complaint, and this Order to Jatsek's number. Second, Plaintiffs must simultaneously place in First Class U.S. Mail a waiver of service, in compliance with Fed. R. Civ. P. 4(d), addressed to Jatsek in care of his counsel at the local address for such counsel. The envelope must indicate a waiver of service under Fed. R. Civ. P. 4(d) is enclosed. Plaintiffs must send the same information by electronic mail to Jatsek's counsel. These methods of service are reasonably calculated and found by this Court to ensure Jatsek is provided notice and an opportunity to respond to the Complaint pending against him.

Accordingly, IT IS HEREBY ORDERED that KSCGP Investor LLC and KSCGP Manager LLC's Motion for Leave to Serve Defendant Lawrence Jatsek by Alternative Means (ECF No. 4) is GRANTED to the extent consistent with this Order.

IT IS FURTHER ORDERED that service of Defendant Lawrence Jatsek by alternative means is authorized as follows:

1. By text message at the number identified by Plaintiffs through which Mr. Jatsek recently communicated with Plaintiffs and which text message must include the Summons, Complaint and copy of this Order;

2. By First Class U.S. Mail sent to counsel for Mr. Jatsek, which mail must include a waiver of service in compliance with Federal Rule of Civil Procedure 4(d). The envelope mailed to Mr. Jatsek at his counsel's address must indicate a waiver of service under Fed. R. Civ. P. 4(d) is enclosed; and

3. By electronic mail, which email must include a duplicate of what is sent by First Class U.S. Mail.

IT IS FURTHER ORDERED that Plaintiffs must file a notice of compliance with this Order no later than **October 30, 2025**.

IT IS FURTHER ORDERED that upon filing of the notice of compliance, Mr. Jatsek will be deemed effectively served and the due date for his responsive pleading will depend solely upon whether he executes the waiver of service. If no waiver of service is returned within thirty-three (33) days of mailing such waiver to Mr. Jatsek at his counsel's office, then the responsive pleading

3

1  will be due on the forty-seventh (that is thirty-three, plus fourteen (14) additional calendar days) day
2  after mailing.  If that day falls on a non-court day, the due date for the responsive pleading is due on
3  the next court day after the forty-seventh day.  If a waiver of service is executed, the due date is
4  governed by Federal Rule of Civil Procedure 4(d).

      Dated this 22nd day of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4